UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAMUEL OMOKE NYAKERIGA | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. 3:06-CV-2266-L |
| | § | |
| TEXAS INSTRUMENTS INC., | § | |
| et al., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and the order of the District Court filed on June 7, 2007, Defendant Volt Management Corporation's Motion to Compel Arbitration, to Stay Judicial Proceedings and Joinder of Rights re [sic] Defendant Texas Instruments Inc's Motion to Dismiss has been referred to the United States Magistrate Judge. The findings, conclusions, and recommendations of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

Type of case: This is a civil rights complaint brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

Parties: Plaintiff is a former employee of Defendant Volt Management Corporation ("Volt") and was assigned to Defendant Texas Instruments Inc. ("TI") as a contract manufacturing specialist. Defendant Volt is a contingent staffing supplier that provides technical, administrative and light industrial temporary employees to customers nationwide. Defendant TI is a private corporation.

Statement of the Case: Plaintiff, a male of Kenyan origin, was hired by Defendant Volt on April 2, 2004. Compl. 1. On April 26, 2004, he was assigned to Defendant TI as a contract

manufacturing specialist. Compl. 1. Approximately one year later, Plaintiff alleges that Defendant TI, without explanation, began allocating to him a workload that was disproportionately heavier that that assigned to colleagues of non-Kenyan origin. Compl. 1. Plaintiff further claims that Defendant TI, again without explanation, failed to nominate Plaintiff for a $50 Volt Reward Voucher even though Plaintiff worked an unscheduled shift on December 25, 2005. Compl. 1. Finally, Plaintiff alleges that Defendant TI issued Plaintiff a "Disciplinary Notice" on February 16, 2006. Compl. 1. Defendant Volt informed Plaintiff that Defendant TI disciplined him due to tardiness and late breaks/lunch issues. Compl. 1. On the same date, Plaintiff informed Defendant Volt of his belief that Defendant TI was discriminating against him based on his national origin. Compl. 2. Two days later, on February 18, 2006, Plaintiff asked for and received permission from Defendant TI to see a dentist. Compl. 2. Later that day both Defendants notified Plaintiff that he was being discharged from his position at TI and failed to give any reason for this decision. Compl. 2.

On December 8, 2006, Plaintiff filed his federal complaint. On June 4, 2007, Defendant TI filed a motion to dismiss based on Plaintiff's failure to: timely file his complaint, aver sufficient facts to make out a claim for Tile VII discrimination, and administratively exhaust his retaliation complaint. On June 7, 2007, Defendant Volt filed the motion presently at issue. As of the filing of this report and recommendation, Plaintiff has not filed a response.

<u>Findings and Conclusions</u>: Defendant Volt argues that Plaintiff's civil rights complaint should be dismissed and arbitration compelled because Plaintiff knowingly and voluntarily executed an employment agreement on March 15, 2004, containing the following provision:

> [a]ny disputes arising out of or relating to the actions of Volt or any assignment or termination of any assignment, including disputes arising out of or related to the actions

of Volt's customers (or Customer's employees), shall be settled by final and binding arbitration, pursuant to the Federal Arbitration Act, in accordance with the rules of the American Arbitration Association in the state where you were employed...Volt and you hereby waive our respective rights to trial by jury of any cause of action or defense that we may have against each other or against any customer of Volt.

Def.'s Motion to Compel Arbitration, Trim Aff., Ex. 1.

The Federal Arbitration Act ("FAA") was enacted in 1925 with the intent to "reverse the longstanding judicial hostility to arbitration agreements that had existed at English common law and had been adopted by American courts, and to place arbitration agreements upon the same footing as other contracts." *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 288-289, 122 S. Ct. 754, 761 (2002) (citation omitted). The FAA provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3.

The Act covers the employment contract at issue in this case, but governs only if the court determines that: (1) the parties agreed to arbitrate the dispute in question and (2) there exist no legal constraints external to the parties' agreement that foreclose arbitration of the claims at issue. *Tittle v. Enron Corp.*, 463 F.3d 410, 418 (5th Cir. 2006) (citations omitted). A court may find that parties agreed to arbitrate the dispute in question only where: (1) there is a valid agreement to arbitrate and (2) the dispute falls within the scope of the agreement. *Am. Heritage Life Insurance Co. v. Lang*, 321 F.3d 533, 537 (5th Cir. 2003) (citation omitted). Where, as here, the contract contains an arbitration clause, there is a "presumption of arbitrability" such that

"ambiguities ... [are] resolved in favor of arbitration. " *Id*.

The undersigned is guided by the Findings and Recommendations filed by Judge Kaplan and accepted by Judge Lindsey in *Yi Su v. T-Mobile USA, Inc.*, No. 3:04-CV-0654-L, 2004 WL 1348740 (N.D. Tex. June 15, 2004), *accepted by* unpub. order (N.D. Tex. June 30, 2004), wherein Judge Kaplan recommended that the Court dismiss without prejudice in favor of arbitration a plaintiff's employment discrimination claim against Defendant Volt where the plaintiff signed a substantively similar Volt employment agreement. Judge Kaplan found, and the undersigned agrees, that the Volt arbitration clause is a valid arbitration agreement that covers claims of discrimination allegedly committed by Volt, Volt's customers or employees of Volt's customers.[1] Likewise, because Plaintiff failed to file a response, he has not met his burden to demonstrate the existence of legal constraints external to the parties' agreement that foreclose arbitration of the claims at issue. Therefore, Defendant's motion to stay the proceedings in favor of arbitration should be granted.

**RECOMMENDATION:**

---

[1] Although, the agreement to arbitrate signed by the parties in the *Su* case referred to "[a]ny disputes arising out of or related to *your employment* with Volt or any assignment or termination of any assignment including disputes arising out of or related to the actions of Volt's customers (or Customer's employees), ..." whereas the agreement in this case refers to "[a]ny disputes arising out of or related to *the actions of* Volt or any assignment or termination of any assignment including disputes arising out of or related to the actions of Volt's customers (or Customer's employees), ...", the undersigned find that the language in the latter agreement is sufficiently broad to cover employment discrimination claims based on Volt's, Volt's customers' or employees of Volt's customers' decision to terminate an employee's assignment.

For the forgoing reasons, it is recommended that the District Court enter its order GRANTING Defendant Volt's Motion to Compel Arbitration, to Stay Judicial Proceedings and Joinder of Rights re [sic] Defendant Texas Instruments Inc's Motion to Dismiss. A copy of this recommendation shall be transmitted to Plaintiff and to counsel for Defendants.

Signed this 1st day of August, 2007.

_____
Wm. F. Sanderson Jr.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996)(*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten (10) day period may bar a *de novo* determination by the district judge of any finding of fact and conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.