IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAMUEL OMOKE NYAKERIGA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:06-CV-2266-L |
| | § | |
| TEXAS INSTRUMENTS, INC. and | § | |
| VOLT MANAGEMENT CORP., | § | |
| | § | |
| Defendants. | § | |

## **ORDER**

This is an employment discrimination case arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. against Defendants Volt Management Corporation ("Volt"), a contingent staffing supplier, and Texas Instruments, Inc. ("TI"), one of Volt's customers. Plaintiff's employment discrimination claims arise out of his temporary employment with Volt, and assignment to Volt's customer, TI. Pursuant to an order of reference dated June 6, 2007, Defendant Volt's Motion to Compel Arbitration [and] to Stay Judicial Proceedings was referred to United States Magistrate Judge Wm. F. Sanderson, Jr., for findings and recommendation. The Findings, Conclusions and Recommendation of the United States Magistrate Judge were filed August 1, 2007. No objections have been filed.

The magistrate judge recommended that the court grant Defendant Volt's motion to compel arbitration, and further recommended that, as requested by Volt, this case should be stayed pending arbitration. Having reviewed the pleadings, file and record in this case, and the findings and conclusions of the magistrate judge, the court **accepts** the findings and conclusions of the magistrate judge. Specifically, the court determines that the findings and conclusions are correct insofar as the

**Order - Page 1**

magistrate judge concluded that the arbitration clause at issue is a valid arbitration clause that covers the claims of discrimination alleged in the complaint, and thus the motion to compel arbitration should be granted. Accordingly, the court **accepts** these findings and conclusions as those of the court, and **grants** Volt's motion to compel arbitration. The parties are hereby directed to arbitrate this matter in accordance with the employment agreement.

The court, however, **rejects** the magistrate judge's recommendation that the case should be stayed pending arbitration. The court, in the exercise of its discretion, declines to retain jurisdiction and stay this action pending arbitration. Since all claims asserted by Plaintiff fall within the scope of the arbitration provisions in the employment agreement, the court determines that the action should be dismissed rather than stayed. *See Fedmet Corp. v. M/V Buyalyk*, 194 F.3d 674, 678 (5th Cir. 1999). Accordingly, this action is hereby **dismissed with prejudice** in favor of arbitration.[*] All other relief not expressly granted herein is **denied**.

**It is so ordered** this 21st day of August, 2007.

Sam A. Lindsay
United States District Judge

---

[*]The court elects to dismiss with prejudice rather than without prejudice, because there is nothing, or will be nothing, to litigate in the current action, even if the arbitrator's award is challenged. The parties would not renew the claims asserted in this action but would pursue judicial review of the arbitrator's decision by filing a motion pursuant to the Federal Arbitration Act. *See Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992).